No. 27,446.

THE EMPIRE SAND and MATERIAL COMPANY, *Appellee*, v. G. M. SMITH and MATT GRAHAM, JR., as THE SMITH-GRAHAM CONSTRUCTION COMPANY, HARRY T. WARDEN, and THE FIDELITY AND DEPOSIT COMPANY, of Maryland, *Appellants*.

(259 Pac. 697.)

**SYLLABUS BY THE COURT.**

SALES — *Action for Price of Sand Sold* — *Fraud on Part of Seller* — *Evidence.* The proceedings considered in an action to recover the price of sand sold for use in constructing an improved highway, from the construction company and the surety on its bond, and *held*, the defense of fraud on the part of plaintiff was not sustained by any evidence.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed October 8, 1927. Affirmed.

*N. A. Yeager, R. A. Cox,* both of Augusta, and *H. W. Hart,* of Wichita, for the appellants.

*Jean Madalene,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the price of sand sold for use in constructing an improved highway, from the construction company and the surety on its bond. Plaintiff prevailed, and defendants appeal.

Plaintiff was engaged in producing and marketing sand. The Walnut Grove Sand Company was also a producer of sand, whose equipment was leased to Harry T. Warden. G. M. Smith and Matt Graham, Jr., partners under the name of the Smith-Graham Construction Company, were road-building contractors. The construction company contracted with the board of county commissioners of Butler county to furnish material and perform labor necessary to construction of federal-aid project No. 90, section A, and the Fidelity and Deposit Company, of Maryland, became surety on the construction company's bond. The bond guaranteed payment of indebtedness incurred for material used in constructing the highway. The contract required material should be analyzed, tested, and approved, in accordance with federal regulations governing the subject. The laboratory was maintained at the state agricultural college at Manhattan, and tests made were numbered. Warden supplied the

Sales, 35 Cyc. p. 573 n. 75.

Empire Sand and Material Co. v. Smith.

construction company with sand to be used on the highway under laboratory test No. 3269. Graham, on behalf of the construction company, arranged with plaintiff for sand to be used on the highway and, because the construction company had been using Walnut Grove sand, Graham requested plaintiff to ship in the name of the Walnut Grove Sand Company as consignor, which was done. Deliveries were made between June 12, 1922, and August 8, 1922, amounting to $1,208. Plaintiff was supplying the construction company with sand for other jobs, and an account was kept for each one separately. The construction company did not keep a separate account on its books of sand billed to it by plaintiff in the name of the Walnut Grove company. Warden was paid by the construction company, became financially embarrassed, and left the state. Plaintiff was not paid, and sued the buyer of its sand and the buyer's bondsmen.

Sale of the sand, delivery of the sand, and use of the sand on the highway, were contested at the trial, and a feeble effort was made to show an accord and satisfaction by payment of another account by means of a check which stated acceptance constituted settlement in full. These matters were disposed of by special findings of the jury, returned under proper instructions.

The principal defense was this: (1) Plaintiff's sand did not meet the specifications or requirements of the builders of the road, nor of the federal government, nor of the engineers and inspectors passing on materials used in constructing the road. (2) The Walnut Grove sand did meet such requirements. (3) With knowledge of the facts, plaintiff fraudulently, corruptly, and with intent and design to deceive the contractor and the inspectors and engineers, shipped its sand as the sand of the Walnut Grove company.

The burden rested on defendants to establish this defense, and they offered no evidence to sustain proposition (1). Plaintiff's sales manager, who negotiated with Graham, testified plaintiff's sand was regularly tested to keep it up to the requirements of the state highway department, the sand delivered to the construction company had been approved for this kind of public work, and a test was made during the period of delivery. This testimony was not disputed, and the major premise of the defense failed.

It was true, as alleged, that the Walnut Grove sand had been tested and approved, but the date of laboratory test No. 3269 was

not shown, and there was no evidence the Walnut Grove sand had been specially tested and specially approved for use on the particular project.

As indicated, the contract to supply the sand resulted from a conversation between plaintiff's sales manager and Graham. The sales manager testified to this effect: Graham requested that the sand be shipped in the name of the Walnut Grove company, because, Graham said, the Walnut Grove sand had been approved for the job, and plaintiff's sand had not. The sand was shipped in that way because Graham asked that it be done. Graham did not testify. Smith testified as follows:

"Q. You say that the sand of the Empire Sand and Material Company did go into that project in question—that is correct? A. Yes, sir.

"Q. But you still say to the jury that the sand of the Empire Sand and Material Company did not meet the specifications and was rejected? A. I didn't say that; no, sir.

"Q. You don't mean to imply that? A. No, sir."

The sales manager testified he knew sand must be approved for use in public work of this kind, but he did not know it had to be specifically approved for a particular job, and defendants offered no evidence charging him with such knowledge. Mr. Phil Doane was the engineer of the state highway department present while project No. 90 was under construction. He testified sand must be tested, and when tested is given an acceptance number. As long as sand comes from a plant whose product has been tested, it is accepted on the job in reliance on the shipper. Sand that has not been tested at Manhattan cannot be accepted knowingly, and no sand not approved would have been used on the work. The Warden sand had been approved, and the engineers had no knowledge that any of plaintiff's sand was used until they received an acceptance of plaintiff's sand on August 10, 1922. Doane did not testify, and nobody else testified that a special test must be made and a special acceptance must be issued for each particular piece of work, of sand which has been duly tested and approved for that kind of work. The result is, the charge that plaintiff sought to deceive Smith and Graham was disingenuous, and the charge that plaintiff, knowing its sand had not been approved, engaged in a corrupt scheme to deceive the highway engineers, was not sustained by any evidence.

Defendants say a question of public policy is involved. A question of public policy was raised by the answer, but disappeared

when the evidence was in. If any deception were to be accomplished by billing plaintiff's sand in the name of the Walnut Grove company, the design was Graham's, and the sales manager's information was not proved to be such that he became an active agent in promoting it. (*Surety Co. v. Lime Co.,* 76 Kan. 914, 92 Pac. 1111.)

The judgment of the district court is affirmed.